IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-0988-D |
| VS. | § | |
| | § | |
| SKO BRENNER AMERICAN, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Joe Hunsinger ("Hunsinger"), proceeding *pro se*, sues defendant SKO Brenner American, Inc. ("SKO") to recover on claims arising from SKO's effort to collect a debt from Hunsinger. SKO moves to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the court grants the motion and grants Hunsinger leave to replead.

I

Hunsinger alleges that he discovered a collection account on his consumer credit report. SKO was the collection contact, and Primus Telecommunications, Inc. ("Primus") was the original creditor. Hunsinger sent a dispute letter to SKO requesting validation of the debt. He stated in his letter that he was responding to a notice he had received from SKO. After Hunsinger learned that the collections account remained on his credit report, he mailed a letter to TransUnion, a credit reporting agency, disputing the account. TransUnion notified Hunsinger that it removed the account from his credit report. Hunsinger alleges that he later received an August 14, 2012 letter from SKO (the "SKO Letter") stating that it had notified

TransUnion to remove an account from "Lingo, Inc." ("Lingo") from its records. He asserts that the SKO letter states: "This is an attempt to collect a debt and any information obtained will be used for that purpose only." Am. Compl. 3. Hunsinger avers that SKO failed to validate the debt.

Hunsinger sued SKO alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Texas Debt Collection Practices Act ("TDCPA"), and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). SKO moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), and the court granted the motion. Hunsinger has repleaded, and SKO moves anew to dismiss for failure to state a claim.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Inc.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive SKO's motion to dismiss under Rule 12(b)(6), Hunsinger must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

Hunsinger's first four claims are based on the FDCPA. Although they are not clearly stated, the court understands them as follows: (1) SKO violated 15 U.S.C. § 1692g by failing either to cease debt collection activity or to provide proof of the debt after Hunsinger timely requested validation; (2) SKO violated § 1692e(2) by falsely representing the character, amount, or legal status of the debt;[1] (3) SKO violated § 1692e(10) both by deceptively stating that it instructed TransUnion to remove the collection account from Hunsinger's credit report while simultaneously stating that it was attempting to collect a debt, and by falsely stating that there was collection activity in Hunsinger's credit file and that it requested that TransUnion have the collection account removed when in fact the collection account had

---

[1] Hunsinger begins this claim by asserting that "[t]he Defendant has violated the FDCPA and [Hunsinger's] rights under the law [because Hunsinger] has disputed and asked for validation of the alleged account[.]" Am. Compl. 5. This merely repeats the first cause of action and is not germane to the statutory language reproduced in the amended complaint.

already been removed, and; (4) SKO violated § 1692e(10) by failing to disclose that it was a debt collector attempting to collect a debt.[2]

A

"[T]o prevail on an FDCPA claim, [Hunsinger] must prove the following: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Browne v. Portfolio Recovery Assocs., Inc.*, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013) (citing *Stewart v. Alonzo*, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)).

B

SKO first argues that each of Hunsinger's FDCPA claims must be dismissed because Hunsinger has not alleged that he is a consumer. The FDCPA is intended to apply to debt collectors seeking to collect consumer debt. *Marquez v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 3714623, at *4 (N.D. Tex. Aug. 23, 2011) (Lindsay, J.). The statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in

---

[2]Hunsinger periodically uses the term "overshadowing" in his claims. *See, e.g.,* Am. Compl. 6. "A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily mandated notice." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) (quoting § 1692g(b)). Hunsinger does not appear to be asserting an overshadowing claim because he does not allege that any statements overshadowed mandated notice provisions, but instead uses that term generally to assert that a communication was in some way confusing to him. To the extent Hunsinger attempts to assert an overshadowing argument in his brief, *see* P. Br. 8-9, he has not pleaded such a claim in his amended complaint.

which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]"   15 U.S.C. § 1692a(5). "[C]onsumer" is defined as "any natural person obligated or allegedly obligated to pay any debt."  *Id.* at § 1692a(3).  SKO maintains that Hunsinger has not alleged that the debt in question is a consumer debt and that he cannot be considered a consumer because he disavows the debt by stating he "denies ever having any contractual agreement for the credit, loans, or services relationship with the Defendant."  Am. Compl. 8.  The court disagrees.

Although Hunsinger should include more information to make clear that the debt arises from a transaction primarily for personal, family, or household purposes, the general context of the amended complaint supports the reasonable inference that Hunsinger is a consumer.  *See, e.g.,* Am. Compl. 2 (alleging that the collection account was reported to his "personal Credit Report").  And the fact that Hunsinger denies the debt does not preclude him from being a consumer.  It is sufficient for consumer status that he alleges that SKO informed him that he is obligated to pay the debt.  *See Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011) (holding that "district court erred in concluding that the plain language of § 1692a(3)'s 'consumer' definition does not apply to [plaintiff] because a debt collector mistakenly alleged that he owed a debt); *Davis v. Bowens*, 2012 WL 2999766, at *4 n.5 (M.D.N.C. July 23, 2012) (rejecting argument that plaintiff was not consumer under FDCPA because he denied obligation to pay debt at issue); *but see Deuel v. Santander Consumer USA, Inc.*, 700 F.Supp.2d 1306, 1311-12 (S.D. Fla. 2010) (concluding that plaintiff was not consumer because she did not allege that she was obligated

to pay the debt and or that defendant told her she was obligated to pay the debt). By alleging that SKO notified a consumer reporting agency of the collection account, Hunsinger has alleged that SKO communicated that he owed a consumer debt, and therefore has plausibly alleged that he is a consumer under the FDCPA.

C

SKO next contends that the court must dismiss Hunsinger's first claim because he has not alleged that SKO engaged in any collection activity after Hunsinger sent a letter to SKO seeking validation of the debt.[3] Section 1692g protects consumers by allowing them to dispute a debt within a specified time-period and temporarily prevent debt collection actions until the debt is verified and that verification is sent to the consumer. *See* § 1692g(b); *see also Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1203 (E.D. Ill. 1997) (stating that debt collector need only cease collection if consumer disputes debt or requests name and address of original creditor within validation period, and then only until debt collector mails copy of verification to consumer). A debt collector therefore does not violate § 1692g(b) if it ceases all debt collection activities. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007) (stating, *inter alia*, that once debt is disputed, debt collector "'may cease all collection activities'" (quoting *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir.

---

[3]The court considers the SKO Letter because it was filed in support of, and is referenced in, Hunsinger's amended complaint. *See Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 829 n.2 (N.D. Tex. 2011) (Fitzwater, C.J.) ("'[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim.'" (quoting *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003))).

1997))).  On the other hand, a debt collector can violate § 1692g(b) by engaging in a collection activity after the debtor has properly sought validation and the debt has not yet been validated.

Assuming *arguendo* that Hunsinger has plausibly alleged that he properly sought validation, he has not alleged a plausible claim that SKO engaged in any collection activities. Although he asserts that SKO "continued collection activity without providing proof of an alleged account," Am. Compl. 2, and that SKO "continued collection activity without validating [his] debt," *id*. at 8-9, these allegations are conclusory.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  Hunsinger must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. He only alleges that SKO sent him a letter stating that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose only"; he does not assert that SKO sent any other communications.  And this statement from the SKO Letter is taken out of context.  Although the SKO Letter does state that "it is an attempt to collect a debt," that line is denoted by asterisks and is at the very bottom of the page, below the signature line. The body of the SKO Letter states in full: "We have notified [TransUnion] to remove these accounts from their records.  You may follow up with [TransUnion] on their consumer hotline at [telephone number].  Thank you for bringing this matter to our attention." Compl. App. 13.  The SKO Letter nowhere indicates an amount that Hunsinger must pay, a date by when he must pay, to whom he must pay his debt, the consequences of not paying, or any

other information associated with a communication intended to collect a debt.[4] Instead, the SKO Letter states that SKO is seeking to *remove* the collection account from the credit reporting agency, and the language about collecting a debt is unambiguously standard print. The court accordingly concludes that, when read in context, Hunsinger's allegation that the SKO Letter stated it was "an attempt to collect a debt" is insufficient to state a plausible claim that the letter was a collection activity. *Cf. Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1019-20 (5th Cir. 1996) (declining to accept plaintiff's allegation of non-disclosure where judicially noticed prospectus showed disclosure). Because Hunsinger relies on conclusory allegations and a statement from the SKO Letter that does not support a plausible claim that the letter was a collection activity, the court holds that he has not plausibly alleged that SKO engaged in collection activities after he requested that SKO validate the debt, and therefore dismisses his § 1692g claim.

D

For a similar reason, Hunsinger's next three claims, for violations of § 1692e, fail to state claims on which relief can be granted.[5] Section 1692e applies only when a

---

[4]Although there is no clear statutory definition of a collection activity, one court has stated that the "plain meaning of that phrase must mean that a creditor cannot take action . . . that would result in the collection of the debt[.]" *Townsend v. Fed. Nat'l Mortg. Ass'n*, ___ F.Supp.2d ___, 2013 WL 549263, at *10 (W.D. Va. Feb. 12, 2013).

[5]Assuming *arguendo* that the court is raising a ground for dismissal that SKO did not adequately assert, because the court is allowing Hunsinger to replead, the procedure employed here is fair and is therefore permissible. *See, e.g., Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own

communication to a debtor is made "in connection with the collection of any debt." § 1692e. The only factual allegation that supports an inference that the SKO Letter was sent in connection with the collection of a debt is the same allegation discussed above—that the letter itself states it is an attempt to collect a debt. The mere fact that Hunsinger alleges that SKO sent him a letter is insufficient to state a claim because "'not . . . *every* communication between a debt collector and a debtor'" is made in connection with an attempt to collect a debt. *See Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (quoting *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010) (emphasis in original)). To determine whether a communication is made in connection with the collection of a debt, a court should examine multiple factors. *Gburek*, 614 F.3d at 384-85; *see also Grden*, 643 F.3d at 173 (adopting *Gburek*'s approach); *Maynard v. Cannon*, 401 Fed. Appx. 389, 395 (10th Cir. 2010) (same). The question is whether an "animating purpose of the communication [is] to induce payment by the debtor." *Grden*, 642 F.3d at 173 (citing *Gburek*, 614 F.3d at 385 ("a communication made specifically to induce the debtor to settle her debt will be sufficient to trigger the protections" of the Act)). Reading in context the statement in the SKO Letter, the court concludes that the amended complaint fails to state a plausible claim that the communication (the letter) was for the purpose of inducing payment. The court therefore dismisses each of Hunsinger's § 1692e claims.

IV

---

motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting plaintiffs leave to replead).

Hunsinger alleges as his fifth cause of action that SKO violated the TDCPA, specifically Tex. Fin. Code Ann. § 392.304(a)(19) (West 2006),[6] by stating in the SKO Letter that there was a collections account for Lingo, whereas SKO had earlier listed a collection account from Primus. He alleges that this amounts to a false representation or deceptive means to collect a debt.[7] Assuming *arguendo* that this amounts to a false representation, Hunsinger has not plausibly alleged that this false representation was used "to collect a debt or obtain information concerning a consumer." § 392.304(a)(19). As the court explains above, Hunsinger has not plausibly alleged that the SKO Letter was an attempt to collect a debt. Accordingly, the court dismisses Hunsinger's TDCPA claim.[8]

V

SKO moves to dismiss Hunsinger's sixth, seventh, and eighth claims for relief, each of which arises under FCRA.

A

---

[6]Although Hunsinger entitles his fifth cause of action as "Count V against the defendant under TDCPA and Texas Finance Code," the Texas Finance Code is simply where the TDCPA is codified. *See* Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006) (codifying TDCPA).

[7]Hunsinger's response brief states that his "TDCPA claims . . . specify at least one specific provision of the TDCPA under which [he] seeks relief . . . , though his TDCPA claims are of course not limited to relief under that subsection alone." P. Br. 12. Hunsinger is responsible, however, for specifically pleading each cause of action. If he chooses to replead, he must specify the claims he asserts under the TDCPA and allege specific facts stating plausible claims for relief.

[8]Because the court is dismissing this claim for the reasons stated, it need not address whether the claim is preempted by FCRA.

Hunsinger relies on three factual allegations to support his sixth claim:

    a.    [SKO] [w]illfully and negligently furnished inaccurate information to a credit reporting agency.

    b.    [SKO] [w]illfully and negligently failed to mark [the] alleged account in dispute . . . after [Hunsinger] requested an investigation on [the] alleged account.

    c.    [SKO] [w]illfully and negligently fail[ed] to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting upon being notified of the errors.

Am. Compl. 7. He does not specify which provisions of FCRA that SKO violated. It appears that the first allegation is intended to support a claim under 15 U.S.C. § 1681s-2(a), which prohibits furnishing information to a consumer reporting agency that the furnisher knows or has reasonable cause to believe is inaccurate. And it appears that the second and third allegations are brought under § 1681s-2(b), which "imposes duties on furnishers of information, *inter alia*, to investigate disputed information and report the results of any such investigation to the consumer reporting agency." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).[9]

Hunsinger has not stated a claim on which relief can be granted for SKO's alleged violation of § 1681s-2(a). "[T]he consensus among courts in the Fifth Circuit is that there is no private right of action for a claim under" that provision. *O'Dea v. Wells Fargo Home Mortg.*, 2013 WL 441461, at *13 (S.D. Tex. Feb. 5, 2013); *see, e.g., Davis v. World Fin.*

---

[9]To the extent Hunsinger intends to assert different claims than the ones the court identifies, he can clarify this when repleading.

*Network Nat'l Bank*, 2009 WL 4059202, at *4 (N.D. Tex. Nov. 20, 2009) (Godbey, J.).

Hunsinger also has failed to state a claim on which relief can be granted for SKO's alleged violations of § 1681s-2(b). Assuming *arguendo* that there is a private right of action under this provision,[10] Hunsinger has failed to state a plausible claim because he does not allege that SKO was notified by a consumer reporting agency of the dispute. Although Hunsinger asserts that he notified SKO that he was disputing the debt, liability attaches under § 1681s-2(b) only "[a]fter receiving notice pursuant to section 1681i(a)(2)." And § 1681i(a)(2)(A) provides that, within five days of a consumer's disputing a debt to a consumer reporting agency, the agency "shall provide notification of the dispute to any person who provided any item of information in dispute." "Thus, any private right of action [Hunsinger] may have under § 1681s-2(b) would require proof that a *consumer reporting agency*, like [TransUnion], had notified [SKO] pursuant to § 1681i(a)(2)." *Young*, 294 F.3d at 639-40 (emphasis in original). It is insufficient that Hunsinger notified SKO. *See Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir. 2004) (stating that "the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff") (citing *Young*, 294 F.3d at 639-40). Because Hunsinger does not allege that TransUnion notified SKO of the dispute, he has failed to state a claim.

B

---

[10]*See Taylor v. Chase Auto Fin. Corp.*, 850 F.Supp.2d 637, 641 (N.D. Miss. 2012) (noting that Fifth Circuit has not addressed the question and that other circuits are split on the issue).

Hunsinger's seventh claim is in substance the same as his sixth: he alleges that SKO reported inaccurate information to a credit reporting agency. The only difference between the two claims is that, in pleading his seventh claim, Hunsinger details why the furnished information was incorrect: he never contracted with SKO for credit, loans, or a services relationship.[11] Therefore, the court again reads the amended complaint to allege a violation of § 1681s-2(a) and dismisses the claim because § 1681s-2(a) does not confer a private right of action.

VI

Hunsinger's eighth and ninth claims in substance also repeat prior claims. Specifically, the first part of his eighth claim repeats *verbatim* the allegations of his seventh claim, and the second part alleges that SKO continued collection activity after he requested that SKO validate the debt, which is tantamount to restating the allegations of his first claim. Count nine repeats the allegations that SKO did not validate the debt, failed to notify the credit reporting agency that the debt was in dispute, and continued collection activity without verifying the debt. The court therefore dismisses Hunsinger's eighth and ninth claims, which merely repeat prior allegations, for the reasons previously explained.

VII

---

[11]SKO argues that the information is not false and that Hunsinger misunderstands that it is a debt collector and has assumed responsibility to collect a debt for another company. SKO is correct that merely denying that Hunsinger contracted with SKO is insufficient to allege that the furnished information is inaccurate; but construing the amended complaint in the light most favorable to Hunsinger, the court concludes that he is contesting the validity of the underlying debt to Primus and/or Lingo.

Hunsinger's final claim appears to allege that SKO violated the DTPA by violating the TDCPA.[12] A plaintiff can bring a cause of action under the DTPA if granted that right by another law. *See* Tex. Bus. & Com. Code Ann. § 17.50(h) (West 2011). And a violation of the TDCPA constitutes a deceptive trade practice that is actionable under the DTPA. *See, e.g., Woods v. Bank of Am., N.A.*, 2012 WL 1344343, at *7 (N.D. Tex. Apr. 17, 2012) (Boyle, J.) (citing Tex. Fin. Code. Ann. § 392.404). Because Hunsinger has not plausibly alleged a violation of the TDCPA, however, his DTPA claim fails as well and is therefore dismissed.

VIII

Although the court is dismissing Hunsinger's claims, it will permit him to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citation omitted). Furthermore, in granting leave to replead, the court takes into consideration that Hunsinger is proceeding *pro se*. *See, e.g., Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*). Because Hunsinger has not stated that he cannot, or is unwilling to, cure

---

[12]As in count five, Hunsinger alleges violations of both the named act, *e.g.*, the TDCPA, and the statute in which it is codified, *e.g.*, the Texas Finance Code.

the defects that the court has identified, the court grants him 30 days from the date this memorandum opinion and order is filed to file a second amended complaint.[13]

\* \* \*

For the reasons explained, the court grants SKO's motion to dismiss and grants Hunsinger leave to replead.

**SO ORDERED.**

August 1, 2013.

                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE

---

[13]If Hunsinger chooses to replead, he must comply with Rule 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

- 15 -