IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-0988-D |
| | § | |
| SKO BRENNER AMERICAN, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Joe Hunsinger, proceeding *pro se*, has filed a Motion to Compel discovery responses from Defendant SKO Brenner American, Inc. ("SKO" or "Defendant") in this civil action brought under the Fair Debt Collection Act, 15 U.S.C. § 1692, *et. seq*. At issue is a single document request served on Defendant, Plaintiff's Request for Production No. 4, which seeks "any contracts, agreements, between you and the entity for which you were attempting to collect the alleged debt account."[1]  *See* Def. Reply Br. at 1. Defendant objects that this request is "unduly burdensome, privileged, confidential, and not calculated to lead to the discovery of admissible evidence." *See id*. More specifically, Defendant contends that the document responsive to Plaintiff's request contains "proprietary and confidential information between SKO and its creditor client, none of which would pertain to [Plaintiff]." *Id.* at 2. Defendant further contends that it is concerned Plaintiff will use the contract for improper purposes unrelated to this litigation because Plaintiff has filed three other lawsuits in this District and three grievances against defense counsel. *Id.* The issues have been fully briefed by the parties, and the motion is ripe for determination.

---

[1] The parties have resolved their dispute with respect to Plaintiff's Request for Admission Nos. 3, 5, 6, and 7; Plaintiff's Interrogatory Nos. 1, 5, 6, 7, 8, and 9; and Plaintiff's Request for Production Nos. 1, 3, and 10. *See* Doc. 37.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *See Nickell v. Flight Options, LLC*, No. 3:10-CV-1323-D, 2010 WL 3784497, at *2 (N.D. Tex. Sep. 27, 2010); *Spiegelberg Mfg., Inc. v. Hancock*, No. 3:07-CV-1314-G, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007).

Defendant's contract with its creditor client is "reasonably calculated to lead to the discovery of admissible evidence" and is thus within the scope of permissible discovery. That the contract may not contain any information specifically pertaining to Plaintiff is not the test. Defendant concedes that the contract would conclusively identify the formal name of its creditor client, which it has previously represented to be "Primus and/or Lingo communications." Def. Reply Br. at 2. The identity of Defendant's client is relevant to Plaintiff's claims that Defendant improperly attempted

2

to collect for two different entities using the same account number. The contract may also help establish whether Defendant was legally entitled to collect the debt giving rise to Plaintiff's claims. Because Plaintiff's RFP No. 4 is reasonably calculated to lead to the discovery of admissible evidence, Defendant's relevance objection is overruled.

The Court also overrules Defendant's objection that Plaintiff's RFP No. 4 seeks proprietary and confidential information that Plaintiff could misuse. Confidentiality does not act as a *per se* bar to disclosure or constitute grounds to withhold documents from discovery. In appropriate situations, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G). However, Defendant has not requested that a protective order be entered in this case. Even if it had, "[a] party seeking a Rule 26(c) protective order prohibiting ... document production must establish good cause and a specific need for protection." *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (*citing Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). Defendant's conclusory assertion that the document responsive to Plaintiff's RFP No. 4 contains proprietary and confidential information does not come close to the particular and specific demonstration of fact required to satisfy the burden of establishing the need for a protective order.

Finally, the mere assertion that Plaintiff's discovery requests are "unduly burdensome" or seek "privileged" information is inadequate to voice a successful objection. *Mcleod, Alexander, Powell & Apfell, P.C. v. Quarks*, 894 F.2d 1482, 1485 (5th Cir. 1990). "Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to

3

an interrogatory or document request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006); *see also Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N.D. Tex. 2004) (general allegation of privilege is insufficient to justify withholding documents from production). Accordingly, Defendant's remaining objections are overruled.

## CONCLUSION

Plaintiff's Motion to Compel (Doc. 25) is GRANTED with respect to Plaintiff's Request for Production No. 4. Defendant shall produce responsive documents to Plaintiff on or before January 24, 2014.

SO ORDERED, January 9, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE